IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTENA MARIE ISAKSON,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security Administration,<br><br>Defendant. | CV 25-99-BLG-TJC<br><br>**ORDER** |

Plaintiff Christena Marie Isakson ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of her claim for disability insurance benefits and supplemental security income benefits. (Doc. 2.) The Commissioner subsequently filed the Administrative Record ("A.R."). (Doc. 7.)

Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial of disability benefits and remand for an award of disability benefits, or alternatively for further administrative proceedings. (Doc. 9.) The motion is fully briefed and ripe for the Court's review. (Docs. 11, 13.)

/ / /

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income on August 30, 2021. (A.R. 12.) A hearing was held before Administrative Law Judge Brian J. Henry (the "ALJ") on September 18, 2024. (A.R. 36–60.) On September 27, 2024, the ALJ issued a written decision finding Plaintiff not disabled. (A.R. 12–26.) Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request. (A.R. 1–3.) Thereafter, Plaintiff filed the instant action. (Doc. 2.)

## II. LEGAL STANDARDS

### A. Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir.

1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). But even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

**B. Determination of Disability**

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable

physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work she previously performed, or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin*., 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098, n.3 (9th Cir. 1999) (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id*. at 1100 (citing 20 C.F.R. § 404.1560(b)(3)).

## III. THE ALJ'S FINDINGS

The ALJ followed the five-step sequential evaluation process in considering Plaintiff's claim. First, the ALJ found Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of August 30, 2021. (A.R. 14.)

Second, the ALJ found that Plaintiff had the following medically determinable severe impairments: fibromyalgia, cervical degenerative disc disease, hyperthyroidism, osteoarthritis of the left shoulder and bilateral knees, carpal tunnel syndrome status post release, and major depressive disorder. (A.R. 14.)

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 15.)

Fourth, the ALJ concluded Plaintiff has the RFC to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except she can never climb ladders, ropes and scaffolds; can occasionally climb ramps and stairs; can occasionally reach overhead and frequently reach forward and laterally with the upper extremities; can frequently finger and handle and feel, bilaterally; can frequently balance, as defined by the Selected Characteristics of Occupations, kneel, and crouch; can occasionally stoop; can never crawl; can tolerate occasional exposure to vibration and extreme cold; can tolerate occasional exposure to hazards, such as unprotected heights and moving mechanical parts; can tolerate no more than moderate noise; can occasionally interact with the public; can frequently interact with co-workers and supervisors; and cannot perform work requiring a specific production rate such as assembly line work.

(A.R. 17.)

The ALJ next found that Plaintiff has no past relevant work, but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (A.R. 24.) Thus, the ALJ found that Plaintiff was not disabled. (A.R. 25.)

## IV. DISCUSSION

The Plaintiff identified the following issues for review in her opening brief:

> 1. Whether the ALJ should have determined [Plaintiff's] application was eligible for expedited reinstatement under §416.999a.
>
> 2. Whether the ALJ failed to describe with specificity how

> [Plaintiff's] testimony of limitations was not consistent with the evidence of record and lacked substantial evidence in the record in view of SSR 96-8p and the specificity requirements of *Brown-Hunter v. Colvin*.
>
> 3. Whether the Commissioner erred in failing to incorporate all [Plaintiff's] impairments, supported by her treating health care providers, into the vocational consultant's hypothetical question.

(Doc. 9 at 6.)

The arguments in Plaintiff's briefs do not align seamlessly with the issues identified for review. Plaintiff also appears to raise additional issues regarding: the ALJ's duty to develop the record in light of Plaintiff's assertion that she previously received disability benefits (Doc. 13 at 4–5); the ALJ's determination of the RFC (Doc. 9 at 25, 33); consideration of the duration and frequency of Plaintiff's need for medical treatment (*id.* at 33); and the validity of regulations governing the evaluation of medical opinions (*id.*). Nevertheless, because the ALJ's failure to develop the record is dispositive, the Court will not address all the issues that Plaintiff raises.

**A. Expedited Reinstatement of Benefits**

Plaintiff contends that she had previously received disability benefits between 1989 and 2018. (A.R. 40.) She argues, therefore, that her application for supplemental security income qualified as a request for expedited reinstatement of benefits under 20 C.F.R. § 416.999 (Doc. 9 at 23–24), and that the ALJ erred in not evaluating her application under this regulation (Doc. 13 at 2). Accordingly,

Plaintiff requests the Court remand this matter to the ALJ with instructions to determine whether Plaintiff's application was appropriately filed as a request for expedited reinstatement. (Doc. 9 at 24–25.)

The role of the Court in undertaking judicial review of the ALJ's decision is limited to "affirming, modifying, or reversing the decision of the Commissioner of Social Security[.]" 42 U.S.C. § 405(g). *See also Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981) ("[T]he jurisdiction of the court is limited to the question of whether the findings of the Secretary are supported by substantial evidence."). Notwithstanding Plaintiff's argument that it is unfair to place the burden of understanding the Social Security Administration's rules and regulations on claimants such as her (Doc. 13 at 3), the Court is limited to reviewing whether the decision issued by the ALJ is supported by substantial evidence and complies with applicable law. It is not for this Court to direct the Administration in the way it processes or construes applications for benefits. *See Geschke v. Astrue*, 393 F. App'x 470, 473 (9th Cir. 2010) (holding that arguments regarding the handling of a claimant's application for benefits "must first be properly presented to the SSA and subjected to the prescribed sequence of review" before they can be considered by a reviewing court).

Plaintiff never made a written request for expedited benefits in accordance with the procedures laid out in 20 C.F.R. § 416.999b. Thus, this Court cannot find

it was error for the ALJ to fail to consider whether Plaintiff was entitled to an expedited reinstatement of benefits.

**B. Duty to Develop the Record**

In arguing that the ALJ erred by not considering whether her application should have been evaluated under 20 C.F.R. § 416.999, Plaintiff also raises the issue of whether the ALJ properly discharged his duty to develop the record. (Doc. 13 at 5.)

"The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). "This duty extends to the represented as well as to the unrepresented claimant." *Id*. The introduction of ambiguous evidence triggers the ALJ's duty to conduct appropriate inquiries to supplement the record to ensure it is adequate. *Id*. *See also Carter v. Chater,* 73 F.3d 1019, 1022 (10th Cir. 1996) ("An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.").

"While evidence pre-dating a claimant's alleged onset date may be of limited relevance in determining whether that claimant is disabled after his alleged onset date, such evidence is not automatically irrelevant to determining disability

during the period at issue." *Manteau v. Colvin,* 2013 WL 1390018, at *4 (C.D. Cal. Apr. 4, 2013). "The Social Security Administration has a responsibility to develop the claimant's complete medical history for at least twelve months preceding the month in which the application is filed 'unless there is a reason to believe that development of an earlier period is *necessary*.'" *Castelblanco v. Colvin*, 2014 WL 3964950, at *5 (N.D. Cal. Aug. 13, 2014) (quoting 20 C.F.R. 416.912(d)) (emphasis in original). Especially in the context of mental impairments, regulations require the Administration to "obtain a longitudinal picture of [a claimant's] overall degree of functional limitation." 20 C.F.R. § 404.1520a(c)(1).

Here, there was ambiguous evidence in the record regarding Plaintiff's alleged previous award of disability benefits that merited further investigation and development by the ALJ. As an exhibit to a motion to postpone the hearing before the ALJ, Plaintiff's attorney included a letter from Plaintiff's mother advising that Plaintiff had received disability benefits beginning in 1989, when she was twelve years old. (A.R. 295.) The letter explains that doctors at the time diagnosed Plaintiff with pseudohypoparathyroidism, a genetic thyroid disorder causing physical symptoms and learning disabilities, and that she would be on medication for the condition for the rest of her life. (A.R. 295.)

Additionally, Plaintiff's alleged onset date was discussed at the hearing before the ALJ. The ALJ noted that Plaintiff filed her application for benefits on

August 30, 2021, but asserted an alleged onset date of October 1, 1989. (A.R. 40.) Plaintiff's attorney explained that he wanted to make sure the ALJ understood that Plaintiff had received Social Security benefits from the age of 12 until approximately age 26. (A.R. 40.) Plaintiff's attorney also clarified that she was disqualified because of her husband's income, not due to any change in her condition. (A.R. 40.) At this point in the hearing, Plaintiff interjected to clarify that her disability benefits were not terminated until 2018 when she was in her later thirties. (A.R. 40.)[1] The ALJ then advised Plaintiff's attorney that, regardless of the alleged onset date, Plaintiff's eligibility for SSI benefits is not retroactive, "so we're really looking at August 30, 2021 forward." (A.R. 41.) Plaintiff's attorney professed inexperience "as to how to approach the situation like this which again, I'd not encountered before." (A.R. 40–41.) He therefore agreed to amend the disability onset date from October 1, 1989, to the date when Plaintiff filed her application on August 30, 2021. (A.R. 40–41.) But Plaintiff's attorney emphasized that "our argument in this case [is] that the disability that she has been experiencing [is] primarily as the result of musco-skeletal problems related to her

[1] The hearing transcript indicates that Plaintiff said: "It was 2018 I lost disability, I wasn't 26 I was probably like in my later 30's." (A.R. 40.) In fact, Plaintiff, who was born in 1977 (A.R. 24), would have been either 40 or 41, depending on the time of year when the benefits were terminated. Additionally, Plaintiff's receipt of benefits beginning at age 12 would have coincided with her initial alleged onset date of October 1, 1989.

severe hyper-thyroidism." (A.R. 40–41.)

Other than the above-noted references to the nearly three decades-long period in which Plaintiff allegedly received disability benefits due to genetic thyroid issues, the record contains no mention of Plaintiff's prior receipt of disability benefits, and the earliest medical records in the administrative record appear to be from 2021. The ALJ's decision also contains no reference to Plaintiff's allegations of a prior receipt of disability benefits.

Given that Plaintiff indicated that she had previously received disability benefits due to conditions that largely formed the basis of her 2021 application for benefits, it was error for the ALJ to fail to conduct an inquiry into Plaintiff's allegations of a previous entitlement to disability benefits. This is particularly true considering the ambiguity of the evidence presented, and her attorney's apparent unfamiliarity with both her previous award of benefits and the relevance of that prior award to her current application. Several courts have held that evidence of prior determinations of disability is relevant and necessary. *See, e.g., Mimms v. Heckler*, 750 F.2d 180, 185 (2d Cir. 1984) ("The existence of a prior established disability is highly relevant when the nature of that disability appears to be the every same cause of the alleged disability then under examination."); *Wooten v. Astrue*, 2012 WL 6601397, at *4 (E.D. Pa. Dec. 17, 2012) ("Evidence supporting a valid prior disability claim is relevant to a later claim. How the claimant's

condition changed, if at all, is relevant to assessing his current condition."); *Rumpf v. Astrue*, 2015 WL 4126740, at *8 (D. Del. July 8, 2015) ("Although the prior award of disability benefits may not be dispositive, the records supporting that determination may be relevant in determining current eligibility for benefits."); *Tominus v. Astrue*, 2009 WL 35164, at *3 (M.D. Fla. Jan. 6, 2009) ("The plaintiff alleges a virtual lifetime of mental illness that seemingly has been the basis for an award of benefits, and there is no indication that the plaintiff's condition has changed. Under these circumstances, the prior evidence is plainly relevant since it would permit, as the plaintiff argues, a longitudinal evaluation."). Without these records, it is not possible for the Court to determine the relevancy—or even existence—of Plaintiff's previous award of disability.

In conclusion, the ALJ erred by making no attempt to obtain medical and administrative records pertinent to Plaintiff's alleged previous period of disability.

**C. Remand or Reversal**

Error alone does not mandate remand. *Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012). Instead, a reviewing court will inquire into whether "there remains 'substantial evidence supporting the ALJ's conclusions.'" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). If the error "does not negate the validity of the ALJ's ultimate conclusion, such [error] is

deemed harmless and does not warrant reversal." *Id.* (internal punctuation and quotations omitted).

In circumstances such as these, however, where the ALJ does not develop the record regarding a previous award of disability benefits, courts have remanded to the agency with instructions to both obtain and consider the evidence that supported a prior disability determination. *See, e.g., Pellinen v. Astrue*, 2012 WL 3564232, at *16 (W.D. Wash. June 28, 2012), *report and recommendation adopted by*, 2012 WL 3564228 (W.D. Wash. Aug. 16, 2012); *Kimmins v. Colvin*, 2013 WL 5513179, at *10 (N.D. Cal. Oct. 4, 2013); *McCollam v. Berryhill*, 2017 WL 4572219, at *5 (D. Or. Oct. 6, 2017); *Zamora v. Astrue*, 2012 WL 4867713, at *5 n.10 (C.D. Cal. 2012); *Tominus*, 2009 WL 35164, at *3; *Rumpf*, 2015 WL 4126740, at *8; *Wooten*, 2012 WL 6601397, at *1. Without the inclusion of these records in the A.R., it is not possible for the Court to conclude that the ALJ's decision was based on substantial evidence.

Accordingly, the Court remands this case with the instruction that the ALJ shall develop the record regarding Plaintiff's allegations of a previous disability determination. At a minimum, the ALJ should verify Plaintiff's claim of previous entitlement to disability benefits. If the ALJ determines that Plaintiff did previously receive disability benefits, the ALJ must then consider the evidence that formed the basis for this determination, and evaluate the relevancy of that previous

determination to Plaintiff's 2021 application for benefits.

## V. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Commissioner's decision is **REVERSED** and this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 18th day of September, 2026.

TIMOTHY J. CAVAN
United States Magistrate Judge